# UNITED STATES DISTRICT COURT
## For The Northern District of Florida
### Gainsville Division

Oluwashina Kazeem Ahmed- Al-Khalifa
(a.k.a. Shina Ahmed, Shina Kazeem Ahmed)(A070530620) Pro-se.

Chief Sikiru Ishola Ahmed
(a.k.a. Alias Ayie Akamara, Ali Alimi, Ayielabola Amodu)
'Bashorun of Igbesa'
Plaintiffs

    Vs.                                      Jury Demanded By Trail

Commissioner for Education Lagos State

and                                   1-13-cv-50-MP/GRJ

Commissioner of Police Lagos State
Defendants

## COMPLAINTS

**Article 26 of the Universal Declaration of Human Rights** provides that: Everyone has the right to education. "The goal of education is the advancement of knowledge and the dissemination of truth"-John F. Kennedy.

**Article 9 of the International Covenant on Civil and Political Rights** states: No one shall be subjected to arbitrary arrest or detention.

**Articl 6 of the African Charter on Human and Peoples' Rights** provides that: Every individual shall have the right to liberty and to the security of his person. No one may be deprived of his freedom except for reasons and conditions previously laid down by law. In particular, no one may be arbitrarily arrested or detained.

**Article 7 of the African Charter on Human and Peoples' Rights** also provides that:

2/28/13

1

Filed USDcFlnIAM0647

1. Every individual shall have the right to have his cause heard. This comprises: (a) the right to an appeal to competent national organs against acts of violating his fundamental rights as recognized and guaranteed by conventions, laws, regulations and customs in force; (b) the right to be presumed innocent until proved guilty by a competent court or tribunal; (c) the right to defence, including the right to be defended by counsel of his choice; (d) the right to be tried within a reasonable time by an impartial court or tribunal. 2. No one may be condemned for an act or omission which did not constitute a legally punishable offence at the time it was committed. No penalty may be inflicted for an offence for which no provision was made at the time it was committed. Punishment is personal and can be imposed only on the offender.

**Article 5 of the African Charter on Human and Peoples' Rights** also provides that:

Every individual shall have the right to the respect of the dignity inherent in a human being and to the recognition of his legal status. All forms of exploitation and degradation of man particularly slavery, slave trade, torture, cruel, inhuman or degrading punishment and treatment shall be prohibited.

**Article 3 of the Convention for the Protection of Human Rights and Fundamental Freedoms** provides that: No one shall be subjected to torture or to inhuman or degrading treatment or punishment.

**Chapter III Section 20(4) of the Constitution of the Federation of Nigeria** provides that : Any person who is unlawfully arrested or detained shall be entitled to compensation.

# Jurisdiction

Jurisdiction is proper pursuant to The Alien Tort Statue(28 U.S.C # 1350, ATS, also called the Alien Tort Claim Act(ACTA)) is a Section of the United States Code that reads. "The District Court shall have original jurisdiction in any civil action by an alien for a tort only, committed in violation of the Law of Nations or a treaty of the United States." This Statue is notable for allowing U.S. Courts to hear human-rights cases brought by foreign citizen for conducts committed outside the United States.

The Torture Victim Protection Act(TVPA), passed and signed into law by President George H.W.Bush in 1992, gives similar rights to U.S. citizen and non-

citizen alike to bring claims for torture and extrajudicail killings committed in foreing countries.

Alien Tort Statue cases was vindicated by the U.S. Supreme Court. In its 2004 ruling in Sosa V. Alvarez-Machain, the Court held that the ATS grants federal courts jurisdiction over claims based on specifically defined, universally accepted and obligatory norms of international law. In establishing this standard, the Court effectively gave the green light to use the ATS as a means of redress for severe human rights abuse.

United States v. Libellants and Claimants of the Schooner Amistad, 40 U.S.518(1841).

Cabello v. Fernandes-Larios 402 F.3d 1148(11th Cir. 2005)

# ISSUES

**The First Issue**: Denial of the Right to Education

I, Oluwashina Kazeem Ahmed-Al-Khalifa, was a teenage secondary school student at Ansar-u-Deen College Isolo, Lagos, Nigeria between 1980 and 1983. Because I was not successful at the 3rd term promotional examination to class 4 at the aforementioned college, I was then transferred to the Holy Saviours College also in Isolo where I was compelled to repeat the class 3 which I failed at the Ansar-u-Deen College Isolo.

I passed the promotional examination to Class 4 at the Holy Saviours College and was promoted accordingly to Class 4.

Again, I was not successful at the promotion examination to Class 5 at the Holy Saviours and was then expelled from the college on the ground that I have repeated one Class twice. Under that State law, a student in my position must be authmatically expelled! I was expelled by the college principal without any administrative hearing as the college principal's decision is final with no provision for an appeal! As a result of this aforementioned State law which allows the expulsion from college of Students who twicely repeated a Class, many such students were deprived of education an ended up as thugs and nuisances in the

3

society. The aforesaid law also violates the International Humanitarian Laws and the following International Treaties and Fundamental Rights to which Nigeria is signitory to.

Treaties being violated:

1. Convention and Protocol relating to the Status of Refugees.
2. Convention Relating to the Status of Stateless Persons
3. Convention on the Rights of the Child.
4. Convention on the Non-Applicability of Statutory Limitation to War Crimes and Crimes Against Humanity.
5. United Nation Declaration on Human Rights Education and Training.

Fundamental Rights being violated:

1. Universal Declaration of Human Rights
2. International Covenant on Civil and Political Rights
3. Convention for the Protection of Human Rights and Fundamental Freedoms
4. African Charter on Human and Peoples' Rights
5. International Covenant on Economic, Social and Cultural Rights
6. Declaration on Race and Racial Prejudice.

The aforesaid arbitrary law also violates the following Treaties and Fundamental Rights:

1. Council Directives 2004/83/EC of 29April 2004
2. Charter of Fundamental Rights of the European Union
3. American Convention on Human Rights "Pact of San Jose, Costa Rica"
4. U.S. Constitution
5. Arab Charter on Human Rights

**The Second Issue:** Unlawful Detention:

In the 1980s, a fight occurred between my uncle's wife, Mama Taju, and an outsider of which I witnessed. The police were invited by the neighbours as a result. The attending police officers invited me, a teenager, as a witness when I was asked by the police to only follow them to the police station (Isolo Police Station) in order to provide them, in writing, my eye-witness statement . Upon assisting the police with my eye-witness statement at the Isolo Police Station, I was arbitrarily

4

locked up in the police cell for a fight which I was not involved. I was released on the following day with no charges levied against me after my father, Chief Sikiru Ishola Ahmed, came to pay some money to the police for my release.

Treaties being involved:

1. Convention And Protocol Relating To The Status of Refugees
2. Convention Relating To The Status of Stateless Persons
3. Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment
4. Convention on the Rights of the Child
5. Convention on the Non-Applicability of Statutory Limitation to War Crimes and Crimes Against Humanity.

Fundamental Rights being violated:

1. Universal Declaration of Human Rights
2. International Covenant on Civil and Political Rights
3. Convention for the Protection of Human Rights and Fundamental Freedoms
4. African Charter on Human and Peoples' Rights
5. International Covenant on Economic, Social and Cultural Rights
6. Declaration on Race and Racial Prejudice.

The aforesaid action also violates the following Treaties and Fundamental Right

1. Charter of Fundamental Rights of the European Union
2. American Convention on Human Rights "Pact of San Jose, Costa Rica"
3. Constitution of the Federation of Nigeria
4. U.S. Constitution
5. Arab Charter on Human Rights

**The Third Issue:** Unlawful detention and deprivation of fair trial rights:

**Chapter III Section 20 (3) of the** Constitution of the Federation of Nigeria provides: **"Any person who is arrested or detained in accordance with paragraph (c) of subsection (1) of this section shall be brought before a court without undue delay and if he is not tried within a reasonable time he shall (without prejudice to any further proceedings that may**

5

**be brought against him) be released either unconditionally or upon such conditions as are reasonably necessary to ensure that he appears for trial at a later date."**

My father, Chief Sikiru Ishola Ahmed, was arrested and detained on two different occasions between 1980 and 1986 by the Nigerian Police in Lagos State for a crime he never committed. My father was not only arrested for questioning, he was arbitrarily detained for several months without any due process. He was, on both occasions released without charges. It is hereby submitted that the actions of the police departments violates my father's constitution and fundamental rights. The following International Treaties and Fundamental Rights were also involved:

1. Convention And Protocol Relationg to The Status of Regugees.
2. Convention Relating To The Status of Stateless Persons.
3. Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment.
4. Convention on the Rights of the Child.
5. Convention on the Non-Applicability of Statutory Limitations to War Crimes and Crimes Against Humanity.

Fundamental Rights being violated:

1. Universal Declaration of Human Rights
2. International Covenant on Civil and Political Rights
3. Convention for the Protection of Human Rights and Fundamental Freedoms
4. African Charter on Human and Peoples' Rights
5. International Covenant on Economic, Social and Cultural Rights
6. Declaration on Race and Racial Prejudice.

The aforesaid action also violates the following Treaties and Fundamental Right

1. Charter of Fundamental Rights of the European Union
2. American Convention on Human Rights "Pact of San Jose, Costa Rica"
3. Constitution of the Federation of Nigeria.
4. U.S. Constitution.
5. Arab Charter on Human Rights.

# Case Laws

In Ahmed & Anor V. R [2011] EWCA CRIM 184 (25 February 2011), the judgement reads: "Torture is wrong". The court of appeal made this simple and it would be hoped obvious statement in the appeal of two men convicted of terrorism and being active members of Al-Qaeda. But, it turns out, the position on torture is not as clear as those three simple words.

## Customary International laws

The former Secretary of States, a reknown elderly Statesman of Jewish descent, vast in the Knowledge of what Torture is contrary to what Torture is as defined by the Convention Against Torture and what the Service has asserted it, is his address to the General Assembly of the United Nation, unequivocally defined Torture as follows:

Torture, "a practice which all nations of the world should abhor. TORTURE, it is an absolute debasement of the function of government when it overwhelming power is used not for people's welfare but as an instrument of their suffering".Dr. Henry Kessinnger.

Jefferson's immortal words will remain, and they will be preserved in human hearts even if this original parchment should fall victim to time and fate.

"We hold these truths to be self evident, that all Men are created equal, that they are endowed by their Creator with certain unalienable rights that among these are Life, Liberty and the Pursuit of Happiness. That to secure the Rights, Government are instituted among Men deriving their Just Power from Consent of the governed,............

The search for Peace and Justice also means respect for human dignity. All the signatories of UN Charter, of which Nigeria is a component pledged themselves to observe and to respect basic human rights.

**Due Process Clause**

Liberty under the Due process Clause includes protection against unlawful or arbitrary personal restraint or detention. See Zadvydas v. Davis 121 S. Ct. 249; 150L.Ed.2d 653, 2001

It is well established that alien have due process right under 5th Amendment. See Reno V. Flores 507 U.S. 292, 306, 123 L. ED, 2d 113 S. Ct. 1439 (1996); Chi Thon Ngo V. INS, 192 F.3d 390,396 (3rd Cir. 1999).

The Due Process Clause of the Fifth Amendment States that "no person......shall be deprived of life, liberty or property without due process of law" . U.S. Constitution Amendment V.

The Fifth Amendment also create a procedural due precess right to be heard at a meaningful time and a meaningful manner, before a deprivation of liberty occurs. **Mathew V Eldrigde, 424 U.S. 319 334(1976); Patel V Zemski No. 01-2398,2001 U.S. App. LEXIS 26907 (9th Cir.Jan.,2002);Zadvydas V Davis, 533 121 S.Ct 2491(2001)**

## Statutory Violations

1. It is my submission that the various unlawful acts perpetrated against me and my father constitute an act of War Crime under 18 U S C subsection 2441.
**TITLE 18. CRIMES AND CRIMINAL PROCEDURE PART I. CRIMES CHAPTER 118. WAR CRIMES § 2441. War crimes**

(a) Offense. Whoever, whether inside or outside the United States, commits a war crime, in any of the circumstances described in subsection (b), shall be fined under this title or imprisoned for life or any term of years, or both, and if death results to the victim, shall also be subject to the penalty of death.

(b) Circumstances. The circumstances referred to in subsection (a) are that the person committing such war crime or the victim of such war crime is a member of the Armed Forces of the United States or a national of the United States (as defined in section 101 of the Immigration and Nationality Act [8 USCS § 1101]).
(c) Definition.

8

As used in this section the term "war crime" means any conduct—

**(1)** defined as a grave breach in any of the international conventions signed at Geneva 12 August 1949, or any protocol to such convention to which the United States is a party;

**(2)** prohibited by Article 23, 25, 27, or 28 of the Annex to the Hague Convention IV, Respecting the Laws and Customs of War on Land, signed 18 October 1907;

**(3)** which constitutes a grave breach of common Article 3 (as defined in subsection (d)) when committed in the context of and in association with an armed conflict not of an international character; or

The US War Crimes Act (1996), as amended by the Military Commissions Act (2006), which was passed by Congress following the Supreme Court's decision in *Hamdan v. Rumsfeld* in 2006, changed the definition of "war crime" in relation to common Article 3 of the 1949 Geneva Conventions.

**Common Article 3 Violations is described as follows:—**

(1) **Prohibited conduct.**— In subsection (c)(3), the term "grave breach of common Article 3" means any conduct (such conduct constituting a grave breach of common Article 3 of the international conventions done at Geneva August 12, 1949), as follows:

(A) **Torture.**— The act of a person who commits, or conspires or attempts to commit, an act specifically intended to inflict severe physical or mental pain or suffering (other than pain or suffering incidental to lawful sanctions) upon another person within his custody or physical control for the purpose of obtaining information or a confession, punishment, intimidation, coercion, or any reason based on discrimination of any kind.

(B) **Cruel or inhuman treatment.**— The act of a person who commits, or conspires or attempts to commit, an act intended to inflict severe or serious physical or mental pain or suffering (other than pain or suffering incidental to lawful sanctions), including serious physical abuse, upon another within his custody or control.

Basis for the war crimes listed above

These are violations of customary international law, listed as war crimes in the Statute of the International Criminal Court.

Other serious violations of international humanitarian law committed during a non-international armed conflict are described as follows:

- torture or inhuman treatment, including biological experiments;
- willfully causing great suffering or serious injury to body or health;
- extensive destruction or appropriation of property, not justified by military necessity and carried out unlawfully and wantonly;
- willfully depriving a prisoner of war or other protected person of the rights of a fair and regular trial;
- unlawful deportation or transfer;
- unlawful confinement;
- slavery and deportation to slave labor;
- collective punishments;
- the practice of apartheid or other inhuman or degrading practices involving outrages on personal dignity based on racial discrimination;
- violence to life and person, in particular murder of all kinds, mutilation, cruel treatment and torture;
- committing outrages upon personal dignity, in particular humiliating and degrading treatment;
- seizing property of the adverse party not required by military necessity;
- making civilian objects the object of attack;

    2. Similarly, **Article 147 of the Fourth Geneva Convention** which defines war crimes as: *"Willful killing, torture or inhuman treatment, including...willfully causing great suffering or serious injury to body or health, unlawful deportation or transfer or unlawful confinement of a protected person, compelling a protected person to serve in the forces of a hostile power, or willfully depriving a protected person of the rights of fair and regular trial,...taking of hostages and extensive destruction and appropriation of property, not justified by military necessity and carried out unlawfully and wantonly."*

10

3. At the same time, the unlawful act against the Plaintiffs constitute an act of Crime of Aggression under the Rome Statue of the International Criminal Court.

Definition of the crime of aggression:

Article 8 *bis* adopted in Kampala defines the individual crime of aggression as the planning, preparation, initiation or execution by a person in a leadership position of an act of aggression. Importantly, it contains the threshold requirement that the act of aggression must constitute a manifest violation of the Charter of the United Nations.

4. Furthermore, the acts against us constitute an act of Crime Against Humanity.

Crimes Against Humanity Definition:

An international criminal justice offence; the perpetration of acts of war upon a civilian, non-soldier population.

A term used by, within and as so defined by the International Criminal Court treaty and including any of the following acts when committed as part of a widespread or systematic attack directed against any civilian population, with knowledge of the attack:

- Murder;
- Extermination;
- Enslavement;
- Deportation or forcible transfer of population;
- Imprisonment or other severe deprivation of physical liberty in violation of fundamental rules of international law;
- Torture;
- Rape, sexual slavery, enforced prostitution, forced pregnancy, enforced sterilization, or any other form of sexual violence of comparable gravity;

- Persecution against any identifiable group or collectivity on political, racial, national, ethnic, cultural, religious, gender, (...) or other grounds that are universally recognized as impermissible under international law (...)
- Enforced disappearance of persons;
- The crime of apartheid;
- Other inhumane acts of a similar character intentionally causing great suffering, or serious injury to body or to mental or physical health.

The treaty definition includes the following points of clarification:

- 'Attack directed against any civilian population' means a course of conduct involving the multiple commission of acts ... against any civilian population, pursuant to or in furtherance of a State or organizational policy to commit such attack;
- 'Extermination' includes the intentional infliction of conditions of life, *inter alia* the deprivation of access to food and medicine, calculated to bring about the destruction of part of a population;
- 'Enslavement' means the exercise of any or all of the powers attaching to the right of ownership over a person and includes the exercise of such power in the course of trafficking in persons, in particular women and children;
- 'Deportation or forcible transfer of population' means forced displacement of the persons concerned by expulsion or other coercive acts from the area in which they are lawfully present, without grounds permitted under international law;
- 'Torture' means the intentional infliction of severe pain or suffering, whether physical or mental, upon a person in the custody or under the control of the accused; except that torture shall not include pain or suffering arising only from, inherent in or incidental to, lawful sanctions
- 'Forced pregnancy' means the unlawful confinement of a woman forcibly made pregnant, with the intent of affecting the ethnic composition of any population or carrying out other grave violations of international law. This definition shall not in any way be interpreted as affecting national laws relating to pregnancy;
- 'Persecution' means the intentional and severe deprivation of fundamental rights contrary to international law by reason of the identity of the group or collectivity;

12

- 'The crime of apartheid' means inhumane acts ... committed in the context of an institutionalized regime of systematic oppression and domination by one racial group over any other racial group or groups and committed with the intention of maintaining that regime; and
- 'Enforced disappearance of persons' means the arrest, detention or abduction of persons by, or with the authorization, support or acquiescence of, a State or a political organization, followed by a refusal to acknowledge that deprivation of freedom or to give information on the fate or whereabouts of those persons, with the intention of removing them from the protection of the law for a prolonged period of time.

5. However, The Canadian *Crimes against Humanity and War Crimes Act* defines; "Crimes Against Humanity" as:

"... murder, extermination, enslavement, deportation, imprisonment, torture, sexual violence, persecution or any other inhumane act or omission that is committed against any civilian population or any identifiable group and that, at the time and in the place of its commission, constitutes a crime against humanity according to customary international law or conventional international law or by virtue of its being criminal according to the general principles of law recognized by the community of nations, whether or not it constitutes a contravention of the law in force at the time and in the place of its commission."

### Administrative Remedies

I have exausted the administrative remedy as required by law in letter dated 22 January 2013 for a Pre-Action Protocol to the Attorney General and Commissioner for Justice, Lagos State Ministry of Justice. But there was no response.(See attached letter).

## Conclusion

Plaintiffs has suffered manifest injustice. To maintain the integrity of the federal judicial system, the Court must be concerned whether the parties received fair and impartial treatment of their claim. Draconian punishment of aliens, as compared to citizens, is based on formal legal status. It ignores the claims of all people, including aliens, to universal rights of "personhood." See Schuck, supra, at 202; see also Harry S. Truman's Inaugural Address of January 1949 ("Decent,

satisfying life....is the right of all people"). Unusually cruel and harsh treatment of aliens is directly tied to their status as a relatively weak minority group. Such groups require diligent attention by Courts to ensure that their rights are not unnecessarily violated by the majority. See United States v. Carolene Products Co. 304 U.S. 144,152 n.4,58 S.Ct. 778,783 n. 4, 82 L. Ed. 1234,1241 n. 4(1938) (courts must be diligent to guard the rights of "discrete and insular" minorities). Citing **Don BEHARRY v. Janet Reno No. 98 CV 5381(JBW) Jan. 22, 2002.** In the matter presently before the Court, justice demands that Plaintiff's complaints be granted in order to restore impartiality to the litigant in the judicial process.

### Relief Sought:

1. Monetary compensation for the deprivation of my rights to education in the sum of nine hundred million dollar ($900,000,000).
2. Monetary compensation for my unlawful detention in the sum of five hundred thousand dollar ($500,000).
3. Monetary compensation for my father's unlawful detentions in the sum of seven hundred million dollar ($700,000,000).

Respecfully submitted,

*Ahmed*

Oluwashina Kazeem Ahmed-Al-Khalifa

Plaintiff Address :
5, Robert Onadipe Street
Gbagada Phase 1
Shomolu, Pedro
Lagos, Nigeria.

Email: oahmed005@yahoo.com

Tel: 00 234 810 380 4404

Signed: _____*Ahmed*_____                               Dated: 02/15/2013

Document Submitted with this Complaint.                               1

14

Copy

Oluwashina Kazeem Ahmed- Al-Khalifa
(a.k.a. Shina Ahmed, Shina Kazeem Ahmed)
5, Robert Onadipe Street
Gbagada Phase 1
Shomolu Pedro
Lagos
Nigeria.

22 January 2013

Attorney General and Commissioner for justice
Lagos State Ministry of Justice
State Secretariat
Alausa, Ikeja
Lagos, Nigeria.

## PRE-ACTION PROTOCOL

This is a Pre-Action Protocol for denial of the right to education and the arbitrary detention of the above named individual, Mr. Oluwashina Kazeem Ahmed-Al-Khalifa; this is also a Pre-Action Protocol for the abitrary arrest and detention of Chief Sikiru Ishola Ahmed (a.k.a. Alias Ayie Akamara, Ali Alimi, Ayielabola Amodu), the father to Mr.Oluwashina Kazeem Ahmed-Al-Khalifa served on you today...28...January 2013. Response is demanded on or before...11...February 2013.

Please be informed that this case will proceed to the international court if response is not received by the end of...11... February 2013.

Yours sincerely,

Ahmed 28/01/2013

Oluwashina Kazeem Ahmed-Al-Khalifa.
Email: oahmed005@yahoo.com
Tel: 0810 380 4404


D.K. AHMED AL-KHALIFA
5 ROBERT OMASIPE STR
GBAGADA PHASE 1
SHOMOLU PEDRO
LAGOS, NIGERIA