IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

OLUWASHINA KAZEEM
AHMED-AL-KHALIFA,

    Plaintiff,
v.                                                        CASE NO. 1:13-cv-50-MP-GRJ

COMMISSIONER OF EDUCATION
OF LAGOS STATE, et al..,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Plaintiff's *pro se* Complaint. (Doc. 1.) Plaintiff has also filed a motion for leave to proceed as a pauper, a motion for appointment of counsel, and a motion to receive notices via email. (Docs. 2, 3, 5.) For the following reasons, the undersigned recommends that the case should be dismissed for lack of subject matter jurisdiction and for untimeliness.

Plaintiff brings claims against two defendants in this case: the Commissioner for Education of Lagos State, and the Commissioner of Police of Lagos State. (Doc. 1.) Plaintiff, a resident of Nigeria, asserts that his right to education was denied when he was expelled from college after repeating a class. Second, Plaintiff alleges that this occurred "between 1980 and 1983." *Id.* at 3. Plaintiff next asserts that "[i]n the 1980s," he was "arbitrarily locked up in the police cell for a fight which I was not involved." *Id.* at 4-5. Third, Plaintiff alleges that his father "was arrested and detained on two different occasions between 1980 and 1986 by the Nigerian Police in Lagos State for a crime he

never committed." *Id.* at 6.  As relief, Plaintiff requests that $900,000,000 in compensation for Claim One, $500,000 in compensation for Claim Two, and $700,000,000 compensation for claim Three.  *Id.* at 14.

It is well established that federal courts are obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.  *See Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004).  Pursuant to 28 U.S.C. § 1332(a)(1), the Court has jurisdiction over cases where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.  Further, the Court has subject matter jurisdiction over cases involving a federal question.  28 U.S.C. § 1331.  Here, Plaintiff seeks to bring claims under the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350, as well as the Torture Victim Protection Act ("TVPA").

The ATS provides that the "district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States."  28 U.S.C. § 1350.  The ATS is jurisdictional in nature and "provides a cause of action 'for a modest number of international law violations with a potential for personal liability at the time [of its enactment].'" *Aldana v. Del Monte Fresh Produce, Inc.*, 416 F.3d 1242, 1246 (11th Cir. 2005) (quoting *Sosa v. Alvarez-Machain*, 542 U.S. 692, 723-24 (2004)); *see also Estate of Amergi ex rel. Amergi v. Palestinian Authority*, 611 F.3d 1350, 1362 (11th Cir. 2010) (noting that the ATS provides subject-matter jurisdiction).

The Supreme Court recently addressed the extraterritorial reach of the ATS in *Kiobel v. Royal Dutch Petroleum Co.*, 133 S. Ct. 1659 (2013).  The *Kiobel* plaintiffs were Nigerian nationals residing in the United States who sued, under the ATS, various

Dutch, British, and Nigerian corporations premised on the theory that these corporations "aided and abetted the Nigerian Government in committing violations of the law of nations in Nigeria." *Id.* at 1662. "On these facts," the Court found, "all the relevant conduct took place outside the United States." *Id.* The Court held that the "presumption against extraterritoriality applies to claims under the ATS" and because nothing in the ATS rebuts that presumption, "petitioners' case seeking relief for violations of the law of nations occurring outside the United States is barred." *Id.* at 1669. The Court also stated that "even where the claims touch and concern the territory of the United States, they must do so with sufficient force to displace the presumption against territorial application." *Id.*

Here, Plaintiff complains of three events that took place in Nigeria. In light of *Kiobel*, the ATS cannot confer subject-matter jurisdiction onto Plaintiff's claims because the violations at issue occurred outside the United States, and the alleged violations do not "touch" or "concern" the United States in such a way that would overcome the ATS's presumption against extraterritoriality.

Plaintiff's claims are also barred because they are untimely. "The [ATS] and [TVPA] share the same ten-year statute of limitations." *Cabello v. Fernandez-Larios*, 402 F.3d 1148, 1153 (11th Cir. 2005) (quoting *Arce, et al. v. Garcia*, 400 F.3d 1340 (11th Cir. 2005) (*vacated on other grounds by* 434 F.3d 1254 (11th Cir. 2006))). Plaintiff asserts that the facts underlying all of his claims occurred in the 1980s. Plaintiff's Complaint, filed on February 28, 2013, is outside the ten-year statute of limitations period for all three claims. Plaintiff does not plead or indicate any possible reasons for tolling of the statute of limitations.

Plaintiff has filed five other suits alleging similar claims in the Northern District of Florida. In *Ahmed-al-Khalifa v. Queen Elizabeth II, et al.*, Case No. 5:13-cv-103-RS-CJK (N.D. Fla. Apr. 19, 2013), Magistrate Judge Kahn noted that Plaintiff has also filed similar suits in many other district courts in the United States. See *Ahmed-Al-Khalifa v. Ecowas Court of Justice*, Case No. 1:13cv01380 (N.D. Ill. 2013) (dismissing plaintiff's complaint against the Ecowas Court of Justice as lacking subject matter jurisdiction under the ATS and failing to state a claim under the Torture Victim's Protection Act ("TVPA")); *Oluwashina Kazeem Ahmed-Al-Khalifa v. Abba Moro*, Case No. 1:13cv01381 (N.D. Ill. 2013) (dismissing plaintiff's complaint under the ATS as frivolous and failure to show a violation of an international norm required under the ATS); *Oluwashina Kazeem Ahmed-Al-Khalifa v. European Court of Human Rights*, Case No. 1:13cv142/RWS (N.D. Ga. 2013) (dismissing plaintiff's complaint as meritless); *Ahmed-Al-Khalifa v. Jordan, et al.*, Case No. 3:13cv276/CSH (D. Conn. 2013) (R&R issued recommending dismissal of claims brought under 28 U.S.C. § 1350); *Oluwashina Kazeem Ahmed-Al-Khalifa v. Minister of Justice, Equality and Law Reform*, Case No. 3:13cv272/CSH (D. Conn. 2013) (R&R issued recommending dismissal of claims as lacking jurisdiction under 28 U.S.C. § 1350); *Oluwashina Kazeem Ahmed-Al-Khalifa v. Kingdom of Spain*, Case No. 3:13cv271/CSH (D. Conn. 2013) (R&R issued recommending dismissal of claims as lacking jurisdiction under 28 U.S.C. § 1350); *Oluwashina Kazeem Ahmed-Al-Khalifa v. King Sunnyade*, Case No. 1:12cv10288 (N.D. Ill. 2012) (dismissing plaintiff's complaint as lacking subject-matter jurisdiction and failure to implicate a violation of the law of nations or any U.S. treaty). As Judge Kahn observed, Plaintiff "seems to be seeking a forum that will allow these frivolous and

meritless complaints to go forward," but "[s]uccess in that regard appears unlikely." (Case No. 5:13-cv-103-RS-CJK, Doc. 5, at 6.)

In light of the foregoing, it is respectfully **RECOMMENDED** that

1. The Complaint, Doc. 1, should be **DISMISSED with prejudice** for lack of subject matter jurisdiction and because it was filed outside the statute of limitations.

2. Plaintiff's motion to proceed as a pauper, Doc. 2, should be **DENIED**.

3. Plaintiff's motion for appointment of counsel, Doc. 3, should be **DENIED**.

4. Plaintiff's motion to receive updates by email, Doc. 5, should be **GRANTED**.

**IN CHAMBERS** this 2nd day of July 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**